UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE T. LAIR,<br><br>               Petitioner,<br><br>vs.<br><br>SCOTT FRAKES,<br><br>               Respondent. | NO. CV-11-131-RMP<br><br>ORDER DISMISSING HABEAS PETITION |

**BEFORE THE COURT** is Petitioner's document titled, "Show Cause Rebuttal Brief, In Re Dismissal as Time-Barred Being Challenged as Inappropriate" (ECF No. 12) which the court construes as Petitioner's Response to the Order to Show Cause (ECF No. 10). Petitioner, a prisoner at the Monroe Correctional Complex - Twin Rivers Unit, is proceeding *pro se* and *in forma pauperis* a *pro se;* Respondent has not been served.

Mr. Lair pleaded guilty to First Degree Incest in Spokane County and was sentenced on January 17, 2007. He asserts a Correctional Records Specialist at the Airway Heights Correctional Complex conducted a routine correctional records review and audit on May 18, 2007, and noticed "a statutory application mistake, where the State and the Court placed Petitioner under an offender category where the history of Petitioner's criminal past, does not meet the defined criteria." Petitioner asserts letters were sent to the Court and the Prosecutor's office, but claims "no valid responses supporting the issue" were received. He asserts the Indeterminate Sentence Review Board ruled on October 23, 2007, based on the Correctional Records Specialist's

ORDER DISMISSING HABEAS PETITION-- 1

assessment, that "more stringent conditions as a requisite to earning release" were not required.

Mr. Lair appears to assert this "statutory application mistake" discovered by a Correctional Records Specialist on May 18, 2007, constitutes the factual basis for Petitioner's claim which could not have been known to him through "due diligence" under 28 U.S.C. § 2244(d)(1)(D), and should re-start the limitations period. Assuming, without deciding, that the limitations period began to run on May 19, 2007, the day after this alleged discovery, Mr. Lair admits in his habeas petition, he did not attempt to submit Motions to modify and correct his judgment and sentence under CrR 7.8, until May 2008. His "Response" to the Order to Show Cause provides no clarifying information regarding any earlier submitted motions challenging his judgment and sentence, or any filing dates.

Giving Mr. Lair every benefit of the doubt and assuming, without deciding, he "properly filed" a motion in a state court on May 1, 2008, 347 days of the limitations period would have already expired on that date. Mr. Lair would have only 18 days after the state courts concluded review of his motion to file a federal habeas corpus petition.

Petitioner states the motion was transferred to the Court of Appeals as a Personal Restraint Petition, cause number 27565-5-III, and denied on July 29, 2009. Petitioner indicates he sought review by the Washington State Supreme Court, and his Motion to Modify Commissioner's Ruling was denied on February 4, 2010. It is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review. *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir.2001). Therefore, on February 4, 2010, when the Washington State Supreme Court concluded review of his motion/Personal Restraint Petition, only 18 days of the limitations period remained. Consequently, Mr. Lair had until February 22, 2010, to file his federal habeas corpus petition. He did not do so.

The fact Mr. Lair claims he then researched, prepared and filed a "Motion to

ORDER DISMISSING HABEAS PETITION-- 2

Recall Mandate" either on August 30, 2010, or September 14, 2010, would not toll the limitations period which had already expired in February 2010. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Petitioner admits he did not file a direct appeal of his conviction. He specifically states he is not challenging his conviction. Rather, he is challenging the inclusion of a 1985 "Juvenile Disposition" of his criminal history in the calculation of his offender score.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ⎯⎯ U.S. ⎯⎯, ⎯⎯, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (internal quotation marks omitted). Petitioner must show that some "external force" caused his untimeliness, rather than mere "oversight, miscalculation or negligence." *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks omitted). In other words, Petitioner must have been delayed by circumstances "beyond [his] direct control," and not by his or his counsel's "own mistake." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).

Petitioner asserts, based on the "time-line" and arguments he presented, that he has diligently pursued his rights. Petitioner, however, fails to account for the time lapse between the discovery of the allegedly improper application of a state statute in May 2007, until he avers he began filing a series of Motions under CrR 7.8 (which he claims the state court lost) in May 2008. Petitioner does not account for his failure to file a federal habeas petition between February 4, 2010, and February 22, 2010. The court cannot infer from the allegations presented that Mr. Lair diligently pursued his rights.

In addition, his proffer of "external circumstances," (i.e., that he was not informed of the application of RCW 9.94A.712 by trial counsel, the sentencing judge, persons at his initial DOC facility, or classification hearing staff) does not show he was prevented from timely filing after that discovery. Indeed, even if this court concedes the running of

ORDER DISMISSING HABEAS PETITION-- 3

the limitations period was delayed under 28 U.S.C. § 2244(d)(1)(D) as stated above, Petitioner does not account for the delays between May 2007 and May 2008, and again in February 2010.

After review of Mr. Lair's submissions and the record as a whole, the court finds he has failed to demonstrate an equitable basis to toll the running of the limitations period in this action which expired, at the latest, on February 22, 2010. His federal habeas petition, signed March 30, 2011, is time-barred under 28 U.S.C. § 2244(d). Accordingly, **IT IS ORDERED** the Petition (ECF No. 1) is **DISMISSED with prejudice.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgement, and forward copies to Petitioner. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this 8th day of July 2011.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          CHIEF UNITED STATES DISTRICT JUDGE