UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE T. LAIR,<br><br>          Petitioner,<br><br>   vs.<br><br>SCOTT FRAKES,<br><br>          Respondent. | NO. CV-11-131-RMP<br><br>ORDER DENYING MOTIONS |

**BEFORE THE COURT** are Petitioner's "Motion for Reconsideration and/or Hearing Pursuant FRAP 40" (ECF No. 15) and "Motion for Court Issued Certificate of Appealability" (ECF No. 16).  By Order filed July 8, 2011, the court dismissed Mr. Lair's habeas corpus petition as time-barred under 28 U.S.C. § 2244(d) and determined that there was no basis upon which to issue a certificate of appealability.  Therefore, Petitioner's Motion (ECF No. 16) is **DENIED as moot.**

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989).  Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Petitioner has not alleged that there has been an intervening

ORDER DENYING MOTIONS-- 1

change of controlling law.  Likewise, he has not offered newly discovered evidence that would justify this court re-examining the issue.  Thus, the only remaining question is whether the court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.

None of the assertions made in Plaintiff's Motion would alter the court's previous ruling.  Indeed, Petitioner clarifies he did not submit a collateral attack on his Judgment until May 28, 2008, when he claims he submitted a CrR 7.8 Motion to Correct and Modify Sentence.  This was more than one year after he entered his guilty plea on January 17, 2007, and also more than a year after he claims he "discovered" alleged state statutory violations regarding his sentence on May 18, 2007.  *See* 28 U.S.C. § 2244(d)(1)(D).  Plaintiff admits he had questioned his attorney regarding his offender score calculation prior to sentencing and then was "complacent with his court-imposed sentence."

Petitioner appears to assert that a superior court judge's response, finding the imposed sentence was statutorily correct, "conflicts" with the opinion of the "state prison experts records official" who discovered the alleged "mistake" on May 18, 2007, and a letter by the "Washington State Indeterminate Sentence Review Board" dated October 23, 2007.  Apart from Petitioner's conclusory assertions of "excusable neglect" and "manifest injustice/error," however, he presents no facts warranting equitable tolling.  *Holland v. Florida*, ––– U.S. ––––, ––––, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010).

The fact that Petitioner filed his federal habeas petition on March 30, 2011, one year after the Washington State Court of Appeals issued a Certificate of Finality on his Personal Restraint Petition, does not make the federal petition timely.  Petitioner seeks to clarify that the date of February 4, 2010, which he presented in his habeas petition as the date the Washington State Supreme Court issued its final ruling, was actually the date he submitted a Motion to Modify Commissioner's Ruling.  Even if the state courts issued a final ruling on March 31, 2010, however, the federal limitations period could not have

ORDER DENYING MOTIONS-- 2

been tolled.

Due to Petitioner's failure to provide sufficient information, the court had previously assumed he began filing motions challenging his sentence in the state courts on May 1, 2008. Mr. Lair has now stated in his Motion for Reconsideration that he did not file a petition for state collateral review, a CrR 7.8 Motion in the Spokane County Superior Court, until May 28, 2008.

For purposes of this petition, the court has assumed the onset date for the limitations period was delayed until May 17, 2007, pursuant to 28 U.S.C. § 2244(d)(1)(D). Nevertheless, the limitations period had fully expired on May 17, 2008, more than 11 days before Petitioner states he presented his Motion to the Spokane County Superior Court. Once again, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Finally, this court has no authority to consider Petitioner's Motion as it relates to Federal Rule of Appellate Procedure 40. Accordingly, **IT IS ORDERED** Petitioner's Motion for Reconsideration (ECF No. 15) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward a copy to Petitioner, and close the file.

**DATED** this 29th day of July 2011.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTIONS-- 3